THE PEOPLE *ex rel.* THE DEPARTMENT OF PUBLIC AID, Plaintiff-Appellee, *v.* SHEILA JONES, Defendant-Appellant.

First District (5th Division)   No. 81-0087

Opinion filed April 16, 1982.

Tyrone C. Fahner, Attorney General, of Chicago (Richard D. Grossman, Special Assistant Attorney General, of counsel), for appellee.

Beverly V. Groudine and James R. Potter, both of Legal Assistance Foundation, of Chicago, for appellant.

JUSTICE LORENZ delivered the opinion of the court:

The Department of Public Aid filed an action to recover an "over-issuance" of the financial aid that was paid to defendant, a public aid recipient who failed to report her income from a part-time job at Walgreens. The sole issue on appeal is whether the trial court properly calcu-

lated the amount of damages incurred by the State because of defendant's failure to report a source of earned income. The following facts are material to our decision.

From September 1974 through May 1975 defendant received $3,850.90 in public assistance, but she failed to report that she earned $2,225.09 during this period of time. If she had reported this source of earned income, the amount of defendant's aid payments would have been decreased by the amount earned minus certain statutory deductions. See 42 U.S.C. §602 (1973 Supp.).

The Department filed a two-count complaint to recover the amount of "over-issuance." Count 2 alleged that, in failing to report her earned income, defendant acted with fraudulent intent. Section 11—21 of the Illinois Public Aid Code (Ill. Rev. Stat. 1975, ch. 23, par. 11—21) makes a recipient liable for "refunding the entire amount of aid received" if the recipient failed to report income with intent to defraud the State. Thus, if the Department proved that defendant had fraudulent intent, she would have been liable for $3,850.90, "the entire amount of aid received." In addition to this measure of damages, section 11—21 also authorizes a court to award punitive damages in an amount up to the entire amount of aid received.

The trial court dismissed count 2, and the Department has not cross-appealed from that order.

Count 1 of the Department's complaint is based on section 11—18 of the Illinois Public Aid Code. (Ill. Rev. Stat. 1975, ch. 23, par. 11—18.) Under this section, a recipient who fails to report a source of income "shall be liable * * * for refunding a sum of money up to but not in excess of the entire amount of financial aid provided." So, if the Department proves fraudulent intent, the measure of damages under section 11—21 is the entire amount of aid received, plus possible punitive damages. But, even if the Department fails to prove fraudulent intent, it can still recover damages under section 11—18.

In the present case, count 1 of the Department's complaint alleges that, because of defendant's failure to report the income from her job at Walgreens, the State of Illinois "was and is damaged in the sum of $2,225.09." Thus, the Department claims that the State was damaged in an amount which is equivalent to the $2,225.09 defendant received from her part-time job. However, if the defendant had reported this income, the Department would have applied the statutory deductions from the amount of earned income before calculating the decrease in her assistance payments. Therefore, the actual damages suffered by the State from defendant's failure to report her earned income is less than the total amount she received from this unreported job. Nevertheless, the Department successfully argued below that, under section 11—18, it did not have to apply

these statutory deductions when calculating the amount of damages suffered by the State.

We conclude that this ruling was incorrect. Under the Department's construction of section 11—18, it could recover an amount up to the entire amount of aid received (*i.e.*, it could recover more than actual damages) even in the absence of a finding of fraudulent intent. But, to permit the Department to recover more than actual damages under section 11—18 would mean that the legislature performed a useless act when it required the Department to prove fraudulent intent before recovering the entire amount of benefits paid.

When section 11—18 is read in conjunction with section 11—21 it is clear that, in a case where the Department is unable to prove intent to defraud, a recipient is liable only for the actual damages suffered by the State. In the present case, actual damages is the difference between the amount of aid defendant received and the amount of aid she would have received if she had reported the income from her part-time job. The trial court, therefore, erred in computing damages without giving defendant credit for the statutory deductions which the Department is obligated to use when calculating the amount by which earned income decreases the amount of a recipient's assistance.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

SULLIVAN, P. J., and MEJDA, J., concur.